RODGERS, Justice
(specially concurring) :
After a careful review of this case I concur with the results reached, that is to say, I agree that the case must be reversed, but I am afraid that what we have decided in this case may be somewhat misleading. I agree that the plat or survey introduced as evidence in chief should not have been admitted in evidence and taken into the jury room by the jury during their deliberation, because the plat or map in this case was more than a map or plat of the surrounding area at the place where the accident occurred; it was a written summary of the oral testimony given by other witnesses. The surveyor put on the map not only the permanent landmarks, but he also put on the map distances of articles from places, as told to him by a witness. The map is obviously a written interpretation of the testimony of others, and as such should not have been admitted into evidence. The measurements in this map are similar in effect to the condemned tableaux vivants photographs, and, as was pointed out in Fore v. State, 75 Miss. 727, 738, 23 So. 710, 712 (1898), it is an artistic reproduction of situations carefully planned by one of the chief witnesses for the plaintiff, and its “only effect was to graven upon the jury’s memory” the testimony of this witness. See Annot., 9 A.L.R.2d 1115 Drawings Designed to Stress Theory or Claim of Party Offering (1950).
To hold that the map in this case was not admissible, however, may lead to the impression that maps and plats of areas where accidents occur are not admissible, when in fact this is not true. The overwhelming authority is quite to- the contrary, not only in this state but in almost all the other states. See 5 Am.Jur. Automobiles § 645 (1936); Babbitt, Motor Vehicle Law at 1675 (1933); 20 Am.Jur. Evidence §§ 727, 739, 982 (1939); Annot., 9 A.L.R.2d 1044 (1950); 9 Blashfield, Cyclopedia of Automobile Law and Practice § 6331 (1948); Baker v. Zimmerman, 179 Iowa 272, 161 N.W. 479 (1917); Haven v. Snyder, 93 Ind.App. 54, 176 N.E. 149 (1931); Harrison v. Mobile Light & R. Co., 233 Ala. 393, 171 So. 742 (1936); King v. State, 251 Miss. 161, 168 So.2d 637 (1964) ; Baggett v. State, 219 Miss. 583, 69 So.2d 389 (1954).
I do not agree with my colleagues however that the evidence in this case is overwhelmingly in favor of the appellant. One *188 of the pictures introduced and testified about shows beyond any question that at the time the driver of the truck first applied his brakes his left back wheel was over the center of the middle of the road. A very clear imprint of rubber is shown on the pavement, and this “skid mark” indicates that the driver of the truck pulled sharply to the' right after he applied his brakes, and that the back wheels swerved sideways to the right. The jury could have decided from this picture alone that the truck was traveling in the center of the road, and that it was traveling at a rapid rate of speed; moreover, it is reasonable to infer from all the testimony that the children riding the motor scooter turned to the left to avoid a collision with the fast moving truck, then in the center of the road. I am afraid that we are retrying this case and weighing the evidence as we see it, rather than permitting the jury to weigh the evidence as it was presented to it. In my humble opinion, there is ample evidence to sustain a verdict in this case. It is not necessary to cite authority for the proposition that the jury is the judge of the weight and worth of the evidence.